UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLARA MARIE DAVIS,

        Plaintiff,

        v.                          Case No. 24-C-479

LUTHERAN SOCIAL SERVICES,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Clara Marie Davis filed this action on April 22, 2024, alleging unlawful termination and a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. *See* Dkt. No. 6. Defendant Lutheran Social Services (LSS) moves to dismiss. Dkt. No. 16. For the following reasons, the motion will be granted.

### BACKGROUND

The following facts are drawn from Davis' amended complaint and attached documentation. Dkt. No. 6. In September 2022, Davis began working with LSS as a mental health specialist. Dkt. No. 6-1 at 1. She alleges that during her time at LSS, the company underpaid her. Dkt. No. 6 at 2. She also alleges that she faced a hostile work environment because she was harassed, bullied, and Facebook stalked. Dkt. No. 6 at 2. According to the complaint, she was the only black employee at LSS' Appleton location. *Id*.

LSS terminated Davis on March 22, 2023. Dkt. No. 6-2 at 4. She filed this lawsuit on April 22, 2024. Dkt. No. 1. The Court issued a screening order dismissing the initial complaint for failing to comply with Fed R. Civ. P. 8(a)(2) and permitted her 30 days to file an amended

complaint curing the deficiencies. Dkt. No. 4. Davis complied and filed an amended complaint on May 16, 2024. Dkt. No. 6.

Shortly thereafter, the Court issued another screening order. Dkt. No. 7. It read Davis' complaint as asserting several claims: (1) hostile work environment under Title VII; (2) unlawful termination under Title VII; (3) theft; (4) theft by deception; (5) harassment; (6) breach of contract; and (6) stalking. Dkt. No. 7 at 2. The Court permitted Davis to proceed on her Title VII claims but declined to exercise supplemental jurisdiction over her remaining state law claims. *Id*.

After LSS appeared, it filed the current motion to dismiss. Dkt. No. 16. It argues that Davis has not exhausted her administrative remedies because she was required to file charges with the Equal Employment Opportunity Commission (EEOC) prior to filing suit. *See generally* Dkt. No. 17. As Davis has neither alleged nor offered proof that she did so, LSS contends that her complaint fails to state a claim upon which relief can be granted. *Id*.; *see* Fed. R. Civ. P. 12(b)(6). Davis objects, explaining that she "never said in [her] claim that [she] was terminated due to [her] race." Dkt. No. 19 at 1. Instead, she claims LSS "violated [her] civil rights with religion." *Id*. at 2.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he or she must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do."

2

*Id.* In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *See Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004). Under the incorporation-by-reference doctrine, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williams v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

## ANALYSIS

Upon review, the Court concludes that Davis' allegations fail to state a claim because she has not exhausted her administrative remedies. Title VII "makes it unlawful for employers to 'discharge any individual, or otherwise to discriminate against any individual' because of race, color, religion, sex, or national origin." *Turner v. IndyGo*, No. 1:19-cv-04582-JPH-TAB, 2020 WL 4504910, at *2 (S.D. Ind. Aug. 5, 2020) (quoting 42 U.S.C. § 2000e-2(a)(1)). Along with these provisions, Congress established "preconditions" a plaintiff must meet before he or she may file a Title VII lawsuit. *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099 (7th Cir. 2013).

Relevant here, an aggrieved party must first file charges with the EEOC within 300 days of the wrongful act. *Chaidez v. Ford Motor. Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). "If the EEOC declines to pursue the charge on its own, it issues a right-to-sue letter and the complainant can proceed to federal court." *Grasty v. Cambridge Integrated Servs. Grp., Inc.*, No. 12-C-9141, 2014 WL 5543933, at *3 (N.D. Ill. Nov. 3, 2014).

This process is not simply ceremonial. It fulfils two goals: "first, it allows the EEOC and the employer an opportunity to settle the matter, and second, it ensures that the employer has adequate notice of the conduct the employee is challenging." *Id*. (quoting another source). As

such, if a plaintiff skips this procedure and files suit instead, a court will dismiss her claims for failing to exhaust administrative remedies. *Chaidez*, 937 F.3d at 1006. Such is the case here.

Whether Davis' Title VII claims allege discrimination based upon race (which she appears to abandon) or religion (which she did not seek to add through a motion to amend), she has not properly proven or even alleged that she filed charges with the EEOC and obtained a right-to-sue letter. These deficiencies warrant dismissal. *See Mahran v. County of Cook*, No. 21-cv-6325, 2022 WL 11169418, at *3 (N.D. Ill. Oct. 19, 2022) (dismissing Title VII claims for religious discrimination because plaintiff did not attach right-to-sue letter proving exhaustion of administrative remedies); *Summerland v. Exelon Generation Co.*, 455 F. Supp. 646, 661 (N.D. Ill. Apr. 21, 2020) (dismissing Title VII claim for race discrimination because plaintiff did not exhaust administrative remedies).

Generally speaking, the Seventh Circuit has instructed district courts that "the proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile [her] suit when and if [she] exhausts all of [her] administrative remedies or drops the unexhausted claims." *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989); *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). Here, however, a charge with the EEOC would be futile—she had 300 days to file with the agency. *See Calvin v. Sub-Zero Freezer, Co.*, 697 F. App'x 874, 875 (7th Cir. 2017) ("In Wisconsin, a plaintiff has 300 days from the alleged discriminatory act to file a complaint with the EEOC or the state Equal Rights Division."). According to the complaint and its attachments, LSS terminated Davis on March 22, 2023. Dkt. No. 6-2 at 4. She therefore had until January 16, 2024—over eight months ago—to file charges with the EEOC. Thus, dismissing Davis' claims without prejudice to give her time to exhaust would be fruitless.

4

Accordingly, the Court **GRANTS** LSS' Motion to Dismiss (Dkt. No. 16).  Her Title VII claims are **DISMISSED** with prejudice.  The Court exercised jurisdiction only over Davis' Title VII claims; it declined to exercise supplemental jurisdiction over her state law claims.  Accordingly, because Davis' Title VII claims fail to state a claim and they alone supplied the Court with jurisdiction, the case is dismissed.  The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 28th day of August, 2024.

s/ William Griesbach
William C. Griesbach
United States District Judge
